FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 2 3 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FREDDY CAICEDO,

        Petitioner,

-against-

UNITED STATES OF AMERICA,

        Respondent.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
16-CV-6330 (CBA)

**AMON, United States District Judge:**

Freddy Caicedo, a federal prisoner, filed a pro se motion requesting that this Court order his immediate deportation. The Court construes his motion as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated below, Caicedo's motion is denied.

## BACKGROUND

On January 27, 1989, the Honorable Reena Raggi sentenced Caicedo to a 35-year term of imprisonment on eight different charges stemming from a drug-related armed kidnapping. Before being writted into federal custody to face these charges, Caicedo had separately been arrested and detained on state murder charges in New York. Caicedo was convicted and sentenced on those murder charges in New York state court later that year, and remained in state custody following his murder conviction. Caicedo was released on parole from the state in 2014, and is presently serving his federal sentence at FCI Schuylkill in Pennsylvania. Caicedo's state and federal sentences are consecutive. See Caicedo v. United States, No. 99-CV-8127 (RR), D.E. # 15 ("[P]etitioner's federal sentence of 35 years imposed for his involvement in a kidnapping is not rendered illegal under the federal constitution or federal law simply because petitioner was first required to serve a state sentence for murder. . . . The state court made plain that the murder sentence would not run concurrent to the federal kidnapping sentence.").

1

## DISCUSSION

Caicedo is currently serving his sentence at FCI Schuylkill in Pennsylvania, and this Court has no authority to interrupt that sentence. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Attorney General "is authorized to remove an alien . . . before the alien has completed a sentence of imprisonment . . . if the Attorney General determines that (I) the alien is confined pursuant to a final conviction for a nonviolent offense . . . and (II) the removal of the alien is appropriate and in the best interest of the United States."[1] 8 U.S.C. § 1252(h)(2)(a). Thus, it is the Attorney General—and not this Court—who possesses the discretion to grant Caicedo the relief he seeks. Thye v. United States, 109 F.3d 127, 128 (2d Cir. 1997).

Moreover, it is well-settled that petitioner has no private right of action to compel the Attorney General to deport or remove him from the United States before the completion of his sentence. 8 U.S.C. § 1231(a)(4)(D); see, e.g., Thye, 109 F.3d at 128; Jumpp v. United States, No. 10-CV-2346 (ENV), 2010 WL 2265172, at *1 (E.D.N.Y. June 2, 2010); Yepes v. United States, No. 09-CV-5381, 2009 WL 4891773, at *1 (E.D.N.Y. Dec. 16, 2009); Lynch v. United States, No. 08-CR-829, 2009 WL 2045382, at *1 (E.D.N.Y. July 8, 2009); Gil v. United States, No. 07-CV-3166, 2007 WL 2293442, at *1 (E.D.N.Y. Aug. 9, 2007).

---

[1] The Attorney General lacks the discretion to deport violent offenders prior to the completion of their prison term. See 8 U.S.C. § 1231(a)(4)(A).

2

## CONCLUSION

Accordingly, Caicedo's petition is denied, and the Clerk of Court is directed to close the case. No certificate of appealability shall issue because there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). It is further certified pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: December 22, 2016
Brooklyn, New York

Carol Bagley Amon
United States District Judge